UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHRYN REILLY, | : |
| | : |
| Plaintiff, | :  Civil Action No.:  3:17-CV-01704 (SRU) |
| | : |
| v. | : |
| | : |
| POST UNIVERSITY, INC., | : |
| | :  May 11, 2018 |
| Defendant. | : |
| | : |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Post University, Inc. hereby responds to Plaintiff's First Set of Interrogatories

and Requests for Production of Documents as follows:

**INTERROGATORIES**

1.      Please identify all persons who answered these Interrogatories and Requests for

Production of Documents or who provided information or responses used in responding to each

of these interrogatories. If more than one person provided information for a single

interrogatory, please identify with precision the information provided by each person. In

identifying said persons, please provide the following information pursuant to Local Rule

26(c)(3), namely, "the person's full name, present or last known address, and when referring to

a natural person, additionally, the present or last known place of employment."

**ANSWER:** Raymond Lagasse, Assistant Director, Human Resources, Post University.

2.      If, during the time period of Plaintiff's employment through the present, you were covered by an insurance policy, including an excess umbrella insurance policy, under which an insurer may be liable to satisfy all or part of a judgment in this case or reimburse you for payments to satisfy part or all of a judgment in this case, state the following:

(a)      the name(s) and address(es) of the insured(s);

(b)      the amount of coverage under each insurance policy; and

(c)      the name(s) and address(es) of said insurer(s).

**ANSWER:**      A copy of the insurance policy is produced herewith.

3.      State whether any insurer or excess insurer, as described in Interrogatory 2 above, has disclaimed/reserved its duty to indemnify any insured or any other person protected by said policy.

**ANSWER:**      No.

4.      For the period of Plaintiff's last two years of employment with Defendant, identify all wages (including bonuses or salary increases, received in whole or in part) and all fringe benefits, including, but not limited to, medical, dental, life, retirement, workers' compensation, Social Security and Medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and state the dollar value cost to Defendant of Plaintiff's wages (including bonuses) and fringe benefits, including health and medical insurance, as well as any merit increase given to Plaintiff.

**ANSWER:** See documents produced herewith, in addition to Plaintiff's wage and benefit information set forth in documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

5.     Identify any and all persons responsible for making the decision to discharge or terminate Plaintiff's employment with Defendant, including each person's full name, title/position with Defendant at time decision was made, and current employment status with Defendant.

**ANSWER:** Bobby Reese (Chief Operating Officer), currently employed.

6.     State in detail any and all reasons for the decision to discharge or terminate Plaintiff's employment with Defendant, including any policy(ies) and/or personnel documents that were involved or relied upon as part of the termination.

**ANSWER:** Plaintiff's unsatisfactory performance/lack of productivity.

7.     Identify all individuals who have knowledge of the circumstances surrounding Defendant's decision to discharge or terminate Plaintiff's employment with Defendant, including each person's full name, title/position with Defendant at the time of Plaintiff's termination, and current employment status with Defendant.

**ANSWER:** The following individuals were involved in making the decision to terminate Plaintiff:

Don Mroz (President), scheduled for retirement June 1, 2018.

Bobby Reese (Chief Operating Officer), currently employed.

3

Donald Kelly (former Vice President of Human Resources), currently employed.

8.     Until the date when Plaintiff stopped working for Defendant, state whether there was ever any complaint relative to the Plaintiffs ability to do the work assigned, and if so, describe this in detail and identify all documents relating to the complaint.

**ANSWER:** There were no formal complaints about Plaintiff.

9.     Identify the individual(s) who replaced Plaintiff, including the individual's gender, age, hire date and annual salary, and describe the individual's qualifications for the position, particularly with respect to management of main campus.

**ANSWER:** The individual who initially replaced the Plaintiff was Ted Lukomski, who started as an independent consultant on September 8, 2016 and was hired as a full-time employee on February 6, 2017. Mr. Lukomski's birth date is March 22, 1957 and his annual salary was $96,000.06. Mr. Lukomski's resume is produced herewith.

10.     State whether from 2014 to the present any complaint, whether formal or informal, written or oral, has been made against Defendant by any employee regarding allegations of retaliation, and if so, identify or state the following: the nature of the complaint;

    a.  the identity of the individual who made the complaint;

    b.  the date on which such complaint was made;

    c.  the identity of the individual to whom the complaint was directed;

    d.  whether an investigation occurred, and if so, who handled the investigation; all documents related to, reflecting or concerning the complaint and any investigation thereof;

    e.  whether formal proceedings in court or an administrative agency were brought; and whether the complainant is currently employed by Defendant.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that it requests information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.

Subject to and without waiving those objections, there have been no informal complaints of retaliation. The following formal complaint has been filed:   Sharon Sweeney v. Post University, et al, United States District Court, Civil Action No.: 3:17-CV-01844 (WWE), filed November 2, 2017. A copy of the complaint is produced herewith. Post University is represented by Edward M. Richters, Jackson Lewis, P.C. Any investigation constitutes attorney-work product.

11.     State whether from 2014 to the present any complaint, whether formal or informal, written or oral, has been made against Defendant by any employee regarding allegations of discrimination, and if so, provide information regarding said complaints using the same subsections as stated in the prior Interrogatory.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that it requests information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Additionally, the present case alleges only gender discrimination and disability discrimination.

Subject to and without waiving that objection, the following discrimination complaints have been filed since 2014 alleging gender and/or disability discrimination:     O'Connell v. Post University, Connecticut Commission on Human Rights and Opportunities Commission, CHRO No. 1530078 alleging that the Complainant was terminated from her position as a mail handler with Post University due to her age (48) and a work related shoulder sprain; Gina Cotton-Anderson v. Post University, Connecticut Commission on Human Rights and Opportunities Commission, CHRO No. 1430531, alleging that she was terminated from her position with Post University due to an unspecified work related injury and a medical leave; Krug v. Post University, Connecticut Commission on Human Rights and Opportunities Commission, CHRO No. 1830484, alleging discrimination on the basis of race, ancestry and physical disability.

12.     Please state whether you ever directed any of Defendant's main campus admissions department employees to sneak into high schools by pretending to have an appointment or by walking in with high school students in the morning, and, if so, state which high schools were targeted for the plan in Connecticut or out of state (if you do not know the names of the high schools, state the territory in which the high schools are located). In responding to this Interrogatory, please state the first date on which the admissions employees were advised of this plan.

**ANSWER:**     No.


13.     Identify any and all instances in which the recruitment technique described in Interrogatory Number 12 was utilized, including the names of the employees that utilized the technique, the number of times the technique was utilized, the names of the high schools that were subjected to this technique, and a description of the outcome of each such time the technique was utilized.

**ANSWER:**     Not applicable.


14.     Please describe all discussions with Plaintiff involving the proposed plan as described in Paragraph 12 with Bobby Reese or Troy Harris and state the date of the discussions and what was said.

**ANSWER:**     Not applicable.

7

15.     Identify all meetings that took place with the main campus admissions staff and the Chief Enrollment Officer, Mr. Bobby Reese, or John Hopkins, CEO, during the period of June 27, 2016 through end of August 2016, including the date(s) of such meeting(s), objectives, agenda, reasons, meeting notes, emails and/or correspondence concerning such meeting(s).

**ANSWER:** Mr. Reese did and Mr. Hopkins did attend various departmental meetings during the period of June 27, 2016 through end of August 2016.  There exist no agendas or minutes regarding such meetings.


16.     Identify all meetings that took place with the main campus admissions staff after the arrival of Plaintiff's replacement, wherein the new plan for recruiting, as described in Interrogatory No. 12, was described, including the date(s) of such meeting(s), objectives, agenda, reasons, meeting notes, emails and/or correspondence concerning such meeting(s).

**ANSWER:**     Not applicable.


17.     Please state whether or not Jordyn Woltmann was escorted out of a high school in Long Island by security because she attempted to sneak in without an appointment and, if so, please describe the circumstances and identify the employees who have knowledge of this incident.

**ANSWER:** Jordyn Woltmann was escorted out of a high school in Long Island by security after entering the school and failing to sign in  at the main office, and reported the incident to her supervisor, Lisa Cassella.

18.    Please describe the training that was provided to the main campus admissions staff regarding the sneaking into high school plan, by Troy Harris or anyone else, and state the dates the training occurred and the identify of those included in the training session, and identify all documents which reflect concern and relate to the training.

**ANSWER:**    Not applicable.

19.    Please identify each and every individual whose employment was terminated from 2015 to the present and in so doing state the individual's gender.

**ANSWER:**    See spreadsheet produced herewith.

20.    Please identify each and every individual in the main campus admissions department from 2014 to the present, including the age of the individual, their title, gender, dates of employment and if the employee's employment was terminated from 2014 to the present, state the reason for the termination.

**ANSWER:**    See spreadsheet produced herewith.

21.    Please state whether John Hopkins, Bobby Reese or Troy Harris (any combination of the three) ever worked together at any other institution and, if so, identify the institution and the time period that they worked together.

**OBJECTION AND ANSWER:**    Defendant objects to this interrogatory for the reason that it requests information that is not relevant to any party's claim or defense and is not proportional to

the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.

Subject to and without waiving that objection, the three individuals have worked together at other institutions.

## BY WAY OF PRODUCTION

1.    Please produce a copy of each and every document identified, referred to, and/or relied upon by Defendant in responding to the foregoing interrogatories.

**ANSWER:**  See documents produced herewith or produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

2.    Produce any and all insurance policies and or documents identified in response to Interrogatory Number 2 and any disclaimer / reservation identified in response to Interrogatory Number 3.

**ANSWER:**  A copy of the policy is produced herewith.

3.    Please produce any all documents identified in response to Interrogatory No. 8 with respect to any complaints regarding Plaintiff.

**ANSWER:**  Not applicable.

4.    Please produce any and all documents identified in response to Interrogatory No.10 with respect to any complaint or investigation as described therein.

**OBJECTION AND ANSWER:**  Defendant hereby incorporates by reference its objections and response to Interrogatory 10.  Defendant also objects to this request to the extent that it requests

10

documents that are governed by the attorney-client privilege or attorney work product. Responsive documents are being withheld on the basis of this objection.

Subject to and without waiving the objections, a copy of the identified complaint is produced herewith.

5.     Please produce any and all documents identified in response to Interrogatory No. 11 with respect to any complaint or investigation as described therein.

**OBJECTION AND ANSWER:** Defendant hereby incorporates by reference its objections and response to Interrogatory 11. Responsive documents are being withheld on the basis of this objection. Copies of the identified complaints are produced herewith.

6.     Please produce any and all documents which relate to, reflect or concern the plan as described in Interrogatory No. 12.

**ANSWER:** Not applicable.

7.     Produce any and all documents that concern or relate to all wages (including bonuses or salary increases, received in whole or in part) and all fringe benefits, including, but not limited to, medical, dental, life, retirement, workers' compensation, Social Security and Medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and relied upon to calculate the dollar value cost to Defendant of Plaintiff's wages (including bonuses) and fringe benefits, including health and medical insurance, as well as any merit increase(s) given to Plaintiff. This request is limited to the last two years of Plaintiff's employment.

**ANSWER:**   See documents produced herewith, in addition to Plaintiff's wage and benefit information set forth in documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.


8.      Produce any and all documents that concern, refer or relate to the decision to terminate Plaintiff's employment with Defendant, including, but not limited to, correspondence, letters, emails, notes, meeting notes, agendas, and calendar entries.

**OBJECTION AND ANSWER:**   Defendant objects to this request it the extent that it requests documents governed by the attorney-client privilege or attorney work product.   Possibly responsive documents are being withheld on the basis of the objection. Defendant also objects to this request for the reason that the term "concern, refer or relate to the decision" is overly broad and unreasonably vague. Responsive documents are not being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced herewith and as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.


9.      Please produce all documents regarding instances identified in response to Interrogatory No. 13.

**ANSWER:**   Not applicable.


10.      Please produce all documents regarding discussions with Plaintiff as identified in response to Interrogatory No. 14.

**ANSWER:**   Not applicable.

12

11.     Please produce all documents regarding meetings as identified in response to Interrogatory No. 15.

**ANSWER:**  See response to Interrogatory 15.


12.     Please produce all documents regarding meetings as identified in response to Interrogatory No. 16.

**ANSWER:**  Not applicable.


13.     Please produce all documents regarding training as identified in response to training as identified in Interrogatory No. 18.

**ANSWER:**  Not applicable


14.     Produce the personnel files as defined in Section 31-128a of the Connecticut General Statutes of each and every individual identified in response to Interrogatory No. 20.

**OBJECTION:**       Defendant objects to this request for the reason that it requests confidential personnel documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.   Responsive documents are being withheld on the basis of these objections.


15.     Produce any and all documents that concern, refer or relate to the identity of any and all individuals who have knowledge of the circumstances surrounding Defendant's decision to terminate Plaintiff's employment.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that the term "concern, refer or relate to the identity" is unreasonably vague and overbroad.  Possible responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see documents produced herewith and as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

      16.     Produce any and all documents that concern, refer or relate to the hiring of the individual(s) who replaced Plaintiff.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Defendant also objects to this request for the reason that the term "concern, refer or relate to the hiring" is unreasonably vague and overbroad.  Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced herewith.

      17.     Produce all documents that concern, refer or relate to enrollment goals and actual enrollments during the last two years of Plaintiff's employment to the present.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Defendant also objects to this request for the reason that

14

the term "concern, refer or relate to" is unreasonably vague and overbroad. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see documents produced herewith regarding admission goals and actual admissions.

18.     Produce all documents that concern, refer or relate to or discuss the potential sale of Post University.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "concern, refer or relate to the potential sale" is overly broad. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, there has been no such potential sale from 2014 to the present.

19.     Produce all documents that show the profits of Post University from 2014 to the present.

**OBJECTION:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues

at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

20.     Produce all documents which reflect, concern or relate to admissions goals from 2014 to the present.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Defendant also objects to this request for the reason that the term "concern, refer or relate to" is unreasonably vague and overbroad. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17.

21.     Produce all documents which reflect, concern or relate to any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "reflect, concern or relate to any plan or possibility

of the sale" is overly broad. Depending on the definition of "plan or possibility of the sale" as used in this request, responsive documents are being withheld on the basis of the objections.

22.     Produce all email communications to or from Plaintiff or on which she was copied during the last six months of her employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving those objections, see emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/from Troy Harris. Additionally, Defense counsel will work with Plaintiff's counsel to develop reasonable search terms for an email search.

23.     Produce all email communications to or from Troy Harris, Bobby Reese, John Hopkins or on which they were copied which refers or relates to Plaintiff in any manner in the last six months of her employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the

burden and expense of the proposed discovery and the importance of the discovery in resolving

the issues. Defendant objects to this request for the reason that the term "refers or relates to

Plaintiff in any manner" is overly broad. Responsive documents are being withheld on the basis

of these objections.

Subject to and without waiving those objections, see documents produced as part of Defendants'

Responses to Initial Discovery Protocols, dated January 29, 2018, and emails produced herewith:

Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/from Troy

Harris. Additionally, Defense counsel will work with Plaintiff's counsel to develop reasonable

search terms for an email search.


24.    Produce all documents regarding meetings in June 2016 through August 2016 where

Bobby Reese and Troy Harris discussed with Plaintiff a plan to recruit students from local high

schools.

**ANSWER:** Defendant does not have documents regarding specific meetings. See Flow-Chart

produced herewith, and documents produced as part of Defendants' Responses to Initial Discovery

Protocols, dated January 29, 2018.


25.    Produce all documents from meetings from June 2016 through July 2, 2016 that

discussed changes made to Plaintiff's department at Post University, including but not limited to

meeting schedules, training schedules, international scholarship criteria and decisions related to

test scores.

**OBJECTION:** Defendant objects to this request for the reason that it requests confidential,

propriety documents that are not relevant to any party's claim or defense and is not proportional

to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. The claims in this action are that Plaintiff was terminated due to her gender and because of a disability (a "thyroid condition") and because of her alleged opposition to an alleged scheme to gain entry into public schools by making false statements to public school officials.

26.     Produce all documents which reflect, concern or relate to complaints of discrimination or harassment of any form against Bobby Reece and any investigation thereof.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of these objections.

Subject to and without waiving those objections, no formal complaints have been filed against Bobby Reese alleging discrimination.

27.     Produce all documents which reflect, concern or relate to complaints of discrimination or harassment of any form against Troy Harris and any investigation.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in

controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of these objections.

Subject to and without waiving those objections, no formal complaints have been filed against Troy Harris alleging discrimination at Post University.

28.     Produce all documents regarding complaints made by any employee relating to the recruitment of students from local high schools.

**ANSWER:**  Other than Plaintiff in the present action, not applicable.

29.     Produce the personnel file of Plaintiff's replacement(s) at Post University as defined in C.G.S. Section 31-128a as identified in Interrogatory No. 9.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced herewith.

30.     Produce Plaintiff's personnel file as defined in C.G.S. Section 31-128a.

**ANSWER:**   A copy of the personnel file was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

31.    Produce the personnel files of Bobby Reece and John Hopkins as defined in C.G.S. Section 31-128a.

**OBJECTION:**        Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

32.    Produce all documents regarding John Hopkins' job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

**OBJECTION:**        Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

33.    Produce all documents regarding Bobby Reece's job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

21

**OBJECTION:**        Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

34.        Produce all documents regarding Troy Harris' job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

**OBJECTION:**        Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

35.        Please produce the personnel files as defined under C.G.S. Section 31-128a of all employees whose employment was terminated from 2015 to the present.

**OBJECTION:**        Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

36.     Please produce all documents related to, concerning or reflecting meetings that John Hopkins had with the main campus admissions during June to September, 2016. This request includes but is not limited to objectives, agenda, emails, handwritten notes, minutes and correspondence. The request also includes emails and notes of Melissa Kochera.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, Mr. Hopkins would have been generally included on the invite for general departmental meetings, for which there are no minutes.


37.     Please produce all documents which reflect, concern or relate to Jordyn Woltmann's transfer to Long Island, including documents which describe her job duties.

**OBJECTION:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

38.     Please produce all document which reflect, concern or relate to the job duties of the main campus admissions staff in the fall of 2016 and 2017.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, see job descriptions produced herewith.


DEFENDANT, POST UNIVERSITY, INC.


By:_____
Edward M. Richters (ct 08043)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
edward.richters@jacksonlewis.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 11, 2018, a copy of the foregoing was served by mail on:

> Heena Kapadia, Esq.
> The Law Office of Heena Kapadia, LLC
> 572 White Plains Road
> Trumbull, CT 06611
> Tel: (203) 288-8006
> Email: hkapadia@heenakapadialaw.com

_____
Edward M. Richters