UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHRYN REILLY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  3:17-CV-01704 (SRU) |
| | : | |
| v. | : | |
| | : | |
| POST UNIVERSITY, INC., | : | |
| | : | May 31, 2018 |
| Defendant. | : | |

## DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Post University, Inc. hereby responds to Plaintiff's First Set of Requests for Production of Documents as follows:

## BY WAY OF PRODUCTION

1.    Please produce a copy of each and every document identified, referred to, and/or relied upon by Defendant in responding to the foregoing interrogatories.

**ANSWER:**  See documents produced herewith or produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018. (DEF 437 – DEF 1313)

2.    Produce any and all insurance policies and or documents identified in response to Interrogatory Number 2 and any disclaimer / reservation identified in response to Interrogatory Number 3.

**ANSWER:**  A copy of the policy is produced herewith. (DEF 437- DEF 521).

3.     Please produce any all documents identified in response to Interrogatory No. 8 with respect to any complaints regarding Plaintiff.

**ANSWER:**  Not applicable.


4.     Please produce any and all documents identified in response to Interrogatory No.10 with respect to any complaint or investigation as described therein.

**OBJECTION AND ANSWER:**  Defendant hereby incorporates by reference its objections and response to Interrogatory 10.  Defendant also objects to this request to the extent that it requests documents that are governed by the attorney-client privilege or attorney work product.  Responsive documents are being withheld on the basis of this objection.

Subject to and without waiving the objections, a copy of the identified complaint is produced herewith. (DEF 528 - DEF 543).


5.     Please produce any and all documents identified in response to Interrogatory No. 11 with respect to any complaint or investigation as described therein.

**OBJECTION AND ANSWER:**  Defendant hereby incorporates by reference its objections and response to Interrogatory 11.  Responsive documents are being withheld on the basis of this objection. Copies of the identified complaints are produced herewith. (DEF 544 - DEF 595).


6.     Please produce any and all documents which relate to, reflect or concern the plan as described in Interrogatory No. 12.

**ANSWER:**  Not applicable.

7.      Produce any and all documents that concern or relate to all wages (including bonuses or salary increases, received in whole or in part) and all fringe benefits, including, but not limited to, medical, dental, life, retirement, workers' compensation, Social Security and Medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and relied upon to calculate the dollar value cost to Defendant of Plaintiff's wages (including bonuses) and fringe benefits, including health and medical insurance, as well as any merit increase(s) given to Plaintiff. This request is limited to the last two years of Plaintiff's employment.

**ANSWER:**  See documents produced herewith, in addition to Plaintiff's wage and benefit information set forth in documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018. (DEF 522- DEF 525).

8.      Produce any and all documents that concern, refer or relate to the decision to terminate Plaintiff's employment with Defendant, including, but not limited to, correspondence, letters, emails, notes, meeting notes, agendas, and calendar entries.

**OBJECTION AND ANSWER:**  Defendant objects to this request it the extent that it requests documents governed by the attorney-client privilege or attorney work product.   Possibly responsive documents are being withheld on the basis of the objection. Defendant also objects to this request for the reason that the term "concern, refer or relate to the decision" is overly broad and unreasonably vague. Responsive documents are not being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

9.      Please produce all documents regarding instances identified in response to Interrogatory No. 13.

**ANSWER:**  Not applicable.


10.      Please produce all documents regarding discussions with Plaintiff as identified in response to Interrogatory No. 14.

**ANSWER:**  Not applicable.


11.      Please produce all documents regarding meetings as identified in response to Interrogatory No. 15.

**ANSWER:**  See response to Interrogatory 15.


12.      Please produce all documents regarding meetings as identified in response to Interrogatory No. 16.

**ANSWER:**  Not applicable.


13.      Please produce all documents regarding training as identified in response to training as identified in Interrogatory No. 18.

**ANSWER:**  Not applicable

14.     Produce the personnel files as defined in Section 31-128a of the Connecticut General Statutes of each and every individual identified in response to Interrogatory No. 20.

**OBJECTION:**     Defendant objects to this request for the reason that it requests confidential personnel documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.   Responsive documents are being withheld on the basis of these objections.


15.     Produce any and all documents that concern, refer or relate to the identity of any and all individuals who have knowledge of the circumstances surrounding Defendant's decision to terminate Plaintiff's employment.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that the term "concern, refer or relate to the identity" is unreasonably vague and overbroad.  Possible responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see documents produced herewith and as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018. Additionally, see emails produced herewith. (DEF 625 - DEF 14313).


16.     Produce any and all documents that concern, refer or relate to the hiring of the individual(s) who replaced Plaintiff.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance

5

of the discovery in resolving the issues. Defendant also objects to this request for the reason that the term "concern, refer or relate to the hiring" is unreasonably vague and overbroad. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced herewith. (DEF 608 - DEF 609).

17.      Produce all documents that concern, refer or relate to enrollment goals and actual enrollments during the last two years of Plaintiff's employment to the present.

**OBJECTION AND ANSWER:**      Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Defendant also objects to this request for the reason that the term "concern, refer or relate to" is unreasonably vague and overbroad. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see documents produced herewith regarding admission goals and actual admissions. (DEF 602 - DEF 607).

18.      Produce all documents that concern, refer or relate to or discuss the potential sale of Post University.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, proprietary documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to

information and resources, the burden and expense of the proposed discovery and the importance

of the discovery in resolving the issues.  Additionally, the term "concern, refer or relate to the

potential sale" is overly broad.  Responsive documents are not being withheld on the basis of the

objections.

Subject to and without waiving those objections, there has been no such potential sale from 2014

to the present.


19.     Produce all documents that show the profits of Post University from 2014 to the

present.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential,

proprietary documents reflecting business strategy that are not relevant to any party's claim or

defense and is not proportional to the needs of the case, considering the importance of the issues

at stake in this litigation, the amount in controversy, the parties' relative access to information and

resources, the burden and expense of the proposed discovery and the importance of the discovery

in resolving the issues.  Responsive documents are being withheld on the basis of the objections.


20.     Produce all documents which reflect, concern or relate to admissions goals from

2014 to the present.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests

documents that are not relevant to any party's claim or defense and is not proportional to the needs

of the case, considering the importance of the issues at stake in this litigation, and the importance

of the discovery in resolving the issues.  Defendant also objects to this request for the reason that

the term "concern, refer or relate to" is unreasonably vague and overbroad.  Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17. (DEF 602 - DEF 607).


21.    Produce all documents which reflect, concern or relate to any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, proprietary documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Additionally, the term "reflect, concern or relate to any plan or possibility of the sale" is overly broad.  Depending on the definition of "plan or possibility of the sale" as used in this request, responsive documents are being withheld on the basis of the objections.


22.    Produce all email communications to or from Plaintiff or on which she was copied during the last six months of her employment.

**OBJECTION AND ANSWER:**  Defendant objects to this request for the reason that it requests confidential, proprietary documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the

8

burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving those objections, see emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/from Troy Harris. Additionally, Defense counsel will work with Plaintiff's counsel to develop reasonable search terms for an email search. (DEF 625 - DEF 1313).

23. Produce all email communications to or from Troy Harris, Bobby Reese, John Hopkins or on which they were copied which refers or relates to Plaintiff in any manner in the last six months of her employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, proprietary documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Defendant objects to this request for the reason that the term "refers or relates to Plaintiff in any manner" is overly broad. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018, and emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/from Troy Harris. Additionally, Defense counsel will work with Plaintiff's counsel to develop reasonable search terms for an email search. (DEF 625 - DEF 1313).

24.    Produce all documents regarding meetings in June 2016 through August 2016 where Bobby Reese and Troy Harris discussed with Plaintiff a plan to recruit students from local high schools.

**ANSWER:**  Defendant does not have documents regarding specific meetings.  See Flow-Chart produced herewith, and documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018. (DEF 600 - DEF 601).


25.    Produce all documents from meetings from June 2016 through July 2, 2016 that discussed changes made to Plaintiff's department at Post University, including but not limited to meeting schedules, training schedules, international scholarship criteria and decisions related to test scores.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, proprietary documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. The claims in this action are that Plaintiff was terminated due to her gender and because of a disability (a "thyroid condition") and because of her alleged opposition to an alleged scheme to gain entry into public schools by making false statements to public school officials.  Additionally, the request is unduly vague.   Depending on what documents are actually being requested, responsive documents are possibly being withheld.

26.     Produce all documents which reflect, concern or relate to complaints of discrimination or harassment of any form against Bobby Reece and any investigation thereof.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of these objections.

Subject to and without waiving those objections, no formal complaints have been filed against Bobby Reese alleging discrimination.


27.     Produce all documents which reflect, concern or relate to complaints of discrimination or harassment of any form against Troy Harris and any investigation.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of these objections.

Subject to and without waiving those objections, no formal complaints have been filed against Troy Harris alleging discrimination at Post University.

28.     Produce all documents regarding complaints made by any employee relating to the recruitment of students from local high schools.

**ANSWER:**  Other than Plaintiff in the present action, not applicable.


29.     Produce the personnel file of Plaintiff's replacement(s) at Post University as defined in C.G.S. Section 31-128a as identified in Interrogatory No. 9.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced herewith. (DEF 608 - DEF 609).


30.     Produce Plaintiff's personnel file as defined in C.G.S. Section 31-128a.

**ANSWER:**   A copy of the personnel file was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.


31.     Produce the personnel files of Bobby Reece and John Hopkins as defined in C.G.S. Section 31-128a.

**OBJECTION:**     Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the

12

importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

32.     Produce all documents regarding John Hopkins' job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

**OBJECTION:**       Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

33.     Produce all documents regarding Bobby Reece's job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

**OBJECTION:**       Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

13

34.     Produce all documents regarding Troy Harris' job description, work assignments and job duties for which he was hired by Post University, to the extent not included in his personnel file.

**OBJECTION:**        Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

35.     Please produce the personnel files as defined under C.G.S. Section 31-128a of all employees whose employment was terminated from 2015 to the present.

**OBJECTION:**        Defendant objects to this request for the reason that it requests confidential personnel file documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

36.     Please produce all documents related to, concerning or reflecting meetings that John Hopkins had with the main campus admissions during June to September, 2016. This request includes but is not limited to objectives, agenda, emails, handwritten notes, minutes and correspondence. The request also includes emails and notes of Melissa Kochera.

**OBJECTION AND ANSWER:**        Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs

of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, Mr. Hopkins would have been generally included on the invite for general departmental meetings, for which there are no minutes.


37.    Please produce all documents which reflect, concern or relate to Jordyn Woltmann's transfer to Long Island, including documents which describe her job duties.

**OBJECTION:**    Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.


38.    Please produce all document which reflect, concern or relate to the job duties of the main campus admissions staff in the fall of 2016 and 2017.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, see job descriptions produced herewith. (DEF 610 - DEF 624).

DEFENDANT, POST UNIVERSITY, INC.

By: _____
Edward M. Richters (ct 08043)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
edward.richters@jacksonlewis.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 31, 2018, a copy of the foregoing was served by mail and by email

on:

        Heena Kapadia, Esq.
        The Law Office of Heena Kapadia, LLC
        572 White Plans Road
        Trumbull, CT 06611
        Tel: (203) 288-8006
        Email: hkapadia@heenakapadialaw.com

                                      _____
                                    Edward M. Richters