UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHRYN REILLY, | : |
| Plaintiff, | : |
| | : Civil Action No. |
| V. | : 3:17-cv-01704 KAD |
| POST UNIVERSITY, INC. | : |
| Defendant. | : November 2, 2018 |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Post University Inc. hereby supplements its responses to the Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

**BY WAY OF INTERROGATORY**

1. Please identify all persons who answered theses Interrogatories and Request for Production of Documents or who provided information or responses used in responding to each of these interrogatories. If more than one person provided information for a single interrogatory, please identify with precision the information provided by each person. In identifying said persons, please provide the following information pursuant to Local Rule 26(c)(3), namely, "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

**ANSWER:** Raymond Lagasse, Assistant Director, Human Resources, Post University.

**SUPPLEMENTAL ANSWER:**

Raymond Lagasse, Assistant Director, Human Resources, Post University, 800 Country Club Road, Waterbury, CT., 06723; John Hopkins, Chief Executive Officer, Post University ; Bobby Reese, Chief Operating Officer, Post University; Vicki Whisenhant, Chief Associate Experience

{N5529080}

Officer, Post University; Don Kelly, Program Chair for Human Resources (formerly Vice President of Human Resources), Post University; Donna Smith, Risk Management Administrator/Executive Assistant to the Chief Financial Officer, Post University; Melissah Kochera, Executive Assistant to the CEO/President, Post University; Cindy Kilbourn, Payroll Administrator, Post University; Joe Chabot, Director of Community Relations (formerly Director of Main Campus Operations), Post University; Lisa Cassella, Assistant Director for Main Campus, Post University.

**SECOND SUPPLEMENTAL ANSWER**

Raymond Lagasse, Assistant Director, Human Resources, Post University, 800 Country Club Road, Waterbury, CT., 06723 (All); John Hopkins, Chief Executive Officer, Post University (Interrogatory Nos. 5-7, 12, 15, 21); Bobby Reese, Chief Operating Officer, Post University (Nos. 5-8, 12-16, 18, 21); Vicki Whisenhant, Chief Associate Experience Officer, Post University (Nos. 8, 10, 21); Don Kelly, Program Chair for Human Resources (formerly Vice President of Human Resources) (Nos. 7), Post University; Donna Smith, Risk Management Administrator/Executive Assistant to the Chief Financial Officer, Post University (Nos. 2, 3); Melissah Kochera, Executive Assistant to the CEO/President, Post University (Nos. 15, 16); Cindy Kilbourn, Payroll Administrator, Post University (Nos. 4, 19, 20); Joe Chabot, Director of Community Relations (formerly Director of Main Campus Operations) (No. 13), Post University; Lisa Cassella, Assistant Director for Main Campus, Post University (Nos. 17, 18).

**BY WAY OF PRODUCTION**

8.      Produce any and all documents that concern, refer or relate to the decision to terminate Plaintiff's employment with Defendant, including, but not limited to, correspondence, letters, emails, notes, meeting notes, agendas, and calendar entries.

**OBJECTION AND ANSWER:** Defendant objects to this request to the extent that it requests documents governed by the attorney-client privilege or attorney work product. Possibly responsive documents are being withheld on the basis of the objection. Defendant also objects to this request for the reason that the term "concern, refer or relate to the decision" is overly broad and unreasonably vague. Responsive documents are not being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018.

**SUPPLEMENTAL OBJECTION AND ANSWER:**

Defendant objects to this request to the extent that it requests documents governed by the attorney-client privilege or attorney work product. Defendant also objects to this request for the reason that the term "concern, refer or relate to the decision" is overly broad and unreasonably vague. Responsive documents are not being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018 (DEF 000080-000099, DEF 000112-000113). There are no responsive documents being withheld that are required to be listed on a privilege log because all such communications with counsel occurred after the plaintiff filed her claim with the Connecticut Commission on Human Rights and Opportunities.

See also documents produced herewith (DEF 001314-001315; DEF 001356).

16.	Produce any and all documents that concern, refer or relate to the hiring of the individual(s) who replaced Plaintiff.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, concerning the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Defendant also objects to this request for the reason that the term "concern, refer or relate to the hiring" is unreasonably vague and overbroad. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced therewith. (DEF 608 –609).

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving those objections, a copy of the replacement's offer letter is produced therewith. (DEF 608 –609).

See also documents produced herewith (DEF 001319-1399; DEF 010351-354).


22.	Produce all email communications to or from Plaintiff or on which she was copied during the least six months of her employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, proprietary documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the prosed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving those objections, see emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/From Troy Harris. (DEF 625 –1313).

**SUPPLEMENTAL ANSWER:**

Parties agree that the defendant will produce documents from the plaintiff's Outlook inbox from the period of June 1, 2016 to September 7, 2016.

See documents produced herewith (DEF 001400-007763)

23. Produce all email communications to or from Troy Harris, Bobby Reese, John Hopkins or on which they were copied which refers or relates to Plaintiff in any manner in the last six months of her employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, proprietary documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Defendant objects to this request for the reason that the term "refers or relates to Plaintiff in any manner" is overly broad. Responsive documents are being withheld on the basis of these objections.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018, and emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/From Troy Harris. (DEF 625 –1313).

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 29, 2018, and emails produced herewith: Emails to/from Plaintiff and John Hopkins; Emails to/from Bobby Reese; Emails to/From Troy Harris.  Additionally, Defense counsel will work with Plaintiff's counsel to develop reasonable search terms for an email search. (DEF 625 – 1313).

See also documents produced herewith (DEF 001314-001315, DEF 001356, DEF 007764-009724)

24.     Produce all documents regarding meetings in June 2016 through August 2016 where Bobby Reese and Troy Harris discussed with Plaintiff a plan to recruit students from local high schools.

**ANSWER:** Defendant does not have documents regarding specific meetings.  See Flow-Chart produced herewith, and documents produced as part of Defendants' Reponses to Initial Discovery Protocols, dated January 29, 2018.  (DEF 600-601).

**SUPPLEMENTAL ANSWER:**

Defendant does not have documents regarding specific meetings.  See Flow-Chart produced herewith, and documents produced as part of Defendants' Reponses to Initial Discovery Protocols, dated January 29, 2018.  (DEF 600 – DEF 601).

See also documents produced herewith (DEF 008043-45, DEF 008160-8227, DEF 00009724-10027).

36. Please produce all documents related to, concerning or reflecting meetings that John Hopkins had with the main campus admissions during June to September, 2016. This request includes but is not limited to objectives, agenda, emails, handwritten notes, minutes and correspondence. The request also includes emails and notes of Melissa Kochera.

**OBJECTION AND ANSWER**: Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, Mr. Hopkins would have been generally included on the invite for general departmental meetings, for which there are no minutes.

**SUPPLEMENTAL ANSWER**:

Subject to and without waiving those objections, Mr. Hopkins would have been generally included on the invite for general departmental meetings, for which there are no minutes.

See also documents produced herewith (DEF 0010028-10142).

37. Please produce all documents which reflect, concern or relate to Jordyn Woltmann's transfer to Long Island, including documents which describe her job duties.

**OBJECTION:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the

discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving those objections, see documents produced herewith (DEF 0010143-145).

38. Please produce all documents which reflect, concern or relate to the job duties of main campus admissions staff in the fall of 2016 and 2017.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

**SUPPLEMENTAL ANSWER:**

Subject to and without waiving those objections, see documents produced herewith (DEF 0001316-1318; DEF 001338-1341; DEF 0010146-10350).

THE DEFENDANT,
POST UNIVERSITY, INC.

_____
Giovanna Tiberii Weller
Federal Bar No. ct11187
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT 06509
Phone: 203 777-5501
Fax: 203 784-3199
gweller@carmodylaw.com

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents was mailed and/or emailed on this __2__ day of ~~October~~ November 2018 to:

Heena Kapadia
The law office of Heena Kapadia, LLC
572 White Plans Road
Trumbull, CT  06611
hkapadia@heenakapadialaw.com

_____
Giovanna Tiberii Weller